IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DAVID V. TEMPLE d/b/a
SOUTHERN STATE CONSTRUCTION                                        PLAINTIFF

v.                            CASE NO. 1:10-cv-01059

BANCINSURE, INC.                                                   DEFENDANT

### MEMORANDUM OPINION

Before the Court is a Motion for Summary Judgment filed on behalf of Defendant Bancinsure, Inc. (ECF No. 21). Plaintiff has filed a response. (ECF No. 22). Defendant has replied. (ECF No. 26). The Court finds this matter ripe for consideration.

### BACKGROUND

This is a dispute between a contractor and a surety over a bid bond on a bridge project for the Louisiana Department of Transportation (the "LaDOT Bridge Project"). Plaintiff David Temple d/b/a Southern State Construction ("Temple") brought this lawsuit claiming negligence, breach of contract, and promissory estoppel against Bancinsure after LaDOT rejected Temple's bid for the LaDOT Bridge Project because it submitted an irregular bond. All three of Temple's claims stem from the fact that Bancinsure issued a bid bond for Temple on the LaDOT Bridge Project without knowing any of the special requirements for sureties issuing bonds on LaDOT projects and without meeting those requirements.

LaDOT requires all sureties issuing bid bonds for its projects to be on the U.S. Department of Treasury Financial Management Service list of approved bonding companies, which is published annually in the Federal Register (the "Treasury List Requirement"). *See* La.

R.S. 48:253. Bancinsure is a surety licensed to issue bonds in the state of Louisiana, but it is not "treasury listed." As a result, LaDOT found Bancinsure's bid bond "irregular," and therefore, Temple was not awarded the contract on the LaDOT Bridge Project. (ECF No. 21-3).

The LaDOT Bridge Project was not the first time these two parties have done business together. In the past, when Temple needed a bid bond, it contacted Cashion Company, Inc., who in turn procured a bond from Granite, an authorized underwriter for Bancinsure.[1] Granite is a company licensed to write surety bonds in the state of Arkansas, but not in Louisiana. Therefore, when Temple needed a bid bond for a project in Louisiana, Cashion would procure the bond directly from Bancinsure. For these Louisiana projects, Cashion always informed Temple that Bancinsure would be issuing the bid bonds instead of Granite. On at least three prior occasions, Bancinsure issued bid bonds for Temple on LaDOT projects. Bancinsure did not advise Temple of LaDOT's Treasury List Requirement on any of these prior occasions. Also, neither Temple nor LaDOT ever objected to Bancinsure issuing bonds for these projects.

Temple describes the nature of the parties' relationship as follows: "The normal course of business is for Temple to submit a bid bond request to Cashion, and the request would either be accepted or denied. The request normally consisted of the project name and location, the amount of time estimated to complete the project, and an estimate of the project contract bid price." (ECF No. 22, Exhibit A).

On this particular occasion, the parties' actions were in line with their normal course of business. Temple sent a brief email to Judy Schoggen at Cashion Company requesting bid bonds on several projects, including the LaDOT Bridge Project. Ms. Schoggen then forwarded the request to Bancinsure. Bancinsure responded by issuing the requested bond on a single page document pursuant to the bid information provided. (ECF No. 22, Exhibit B). As with prior

---

[1] Cashion is an Arkansas company that is in agency relationship with Granite, which is also an Arkansas company.

projects, Bancinsure did not provide any additional information to Temple regarding LaDOT's surety requirements. This was the full extent of the parties' communications. There is no evidence of any other formal agreement between the parties.

LaDOT ultimately rejected Temple's bid because Bancinsure was not treasury listed, and this action ensued. Temple claims that Bancinsure breached a duty of care by lacking the requisite knowledge of LaDOT's Treasury List Requirement, and not informing Temple of its failure to meet that requirement, before issuing the bid bond. Temple also argues that Bancinsure's failure to meet the Treasury List Requirement was a breach of the parties' agreement, and that Temple relied to its detriment on Bancinsure's promise that it was treasury-listed. Bancinsure now moves the Court to grant summary judgment in its favor as to all three of Temple's claims.

## STANDARD OF REVIEW

The standard of review for summary judgment is well established. The Federal Rules of Civil Procedure provide that when a party moves for summary judgment, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Krenik v. County of LeSueur*, 47 F.3d 953 (8th Cir. 1995).

The Supreme Court has issued the following guidelines for trial courts to determine whether this standard has been satisfied: "[t]he inquiry performed is the threshold inquiry of determining whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); s*ee also Agristor Leasing v. Farrow*, 826 F.2d 732 (8th Cir. 1987); *Niagara of Wisconsin Paper*

3

*Corp. v. Paper Indus. Union-Mgmt Pension Fund*, 800 F.2d 742, 746 (8th Cir. 1986). A fact is material only when its resolution affects the outcome of the case. *Anderson*, 477 U.S. at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id*. at 252.

The Court must view the evidence and the inferences that may reasonably be drawn from the evidence in the light most favorable to the nonmoving party. *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id*. The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik*, 47 F.3d at 957. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256.

## DISCUSSION

Temple asserts three claims against Bancinsure: negligence, breach of contract, and promissory estoppel. Specifically, Temple argues that Bancinsure breached a duty of care by not knowing of LaDOT's eligibility requirement that all sureties be "treasury listed," and by issuing a bond to Temple without satisfying that requirement. Temple further claims that Bancinsure's failure to meet LaDOT's Treasury List Requirement constituted a breach of the parties' contract. Temple last claims that it relied to its detriment on Bancinsure's promise that it was an eligible surety for LaDOT projects. Bancinsure contends that summary judgment is proper because it owed no duty to investigate or educate Temple regarding special bond requirements for LaDOT projects. Bancinsure further argues that it fulfilled any contract or promissory obligation it owed to Temple by issuing a bond according to the bid information provided.

As a preliminary matter, the Court must follow the choice of law rules of the state of Arkansas. *Snow v. Admiral Ins. Co.*, 612 F. Supp. 206, 208 (W.D. Ark. 1985) (applying the choice of law rules of the forum state). Under Arkansas's choice of law rules, the applicable state law is determined by the nature and quantity of a state's contacts with the underlying transaction. *See Yarbrough v. Prentice Lee Tractor Co.*, 479 S.W.2d 549 (Ark. 1972). Here, Temple brought this case on behalf of Southern State Construction, an Arkansas company. Bancinsure was conducting business in Arkansas by issuing bid bonds for Temple on certain construction projects. The relevant transaction between the parties was facilitated through another Arkansas company, Cashion Company, Inc., for a construction project to be performed in Louisiana. The state of Arkansas, therefore, bears the weight of the contacts in this transaction.[2] Accordingly, the Court will address each of Temple's claims under Arkansas law, and for the reasons stated below, will grant Bancinsure's motion as to each claim.

**I.   Bancinsure did not breach a duty to Temple by failing to advise Temple of LaDOT's Treasury List Requirement.**

Whether one party owes a duty of care to another is a question of law. *Buelow v. Madlock*, 206 S.W.3d 890, 893 (Ark. Ct. App. 2005). "Duty is a concept which arises out of the recognition that relations between individuals may impose upon one a legal obligation for another." *Mans v. Peoples Bank of Imboden*, 10 S.W.3d 885, 888 (Ark. 2000). Addressing this concept as it applies to insurers, the Arkansas Supreme Court has established that an insurer "has no duty to advise a prospective insured." *Scott-Huff Ins. Agency v. Sandusky*, 887 S.W.2d 516, 517 (Ark. 1994). Instead, Arkansas courts adhere to a "long established rule placing a responsibility on the insured to educate himself concerning matters of insurance coverage." *Id.* A corollary of this rule is that an insurer has no "duty to investigate and ensure that the insured is

---

[2] The parties, furthermore, do not appear to dispute that Arkansas law applies.

adequately covered," unless a special relationship exists between the parties. *Buelow*, 206 S.W.3d at 893.

In this case, an insurer's duty to an insured is relevant because surety companies that issue bonds for a profit—like Bancinsure—have long been viewed as insurers for purposes of determining their rights and liabilities. *See Morley v. McGuire*, 242 S.W.2d 112, 114 (Ark. 1951). Bancinsure's duty to Temple therefore must be considered in view of this standard.

The parties do not dispute that Bancinsure was licensed to issue bonds for construction projects in the state of Louisiana. It is also undisputed that Temple did not inform Bancinsure of any statutory requirements for bonds issued for LaDOT projects. Temple's argument that Bancinsure breached a duty of care rests solely on the fact that it relied on Bancinsure to know of LaDOT's Treasury List Requirement. Temple, in essence, believes that it should be the *surety's* duty, rather than its own, to investigate the proper bond requirements for a particular project. Temple's belief, however, runs counter to well-established Arkansas law.

The parties agree that the bid bond Bancinsure issued for Temple operated as a binding contract. The Treasury List Requirement imposed by LaDOT did not affect the parties' obligations under that contract. Once Bancinsure issued the bond, it could not have renounced its obligation simply because it was not treasury listed. Unfortunately, the parties' contract happened not to meet Temple's needs for the LaDOT Bridge Project. This circumstance is much like an insurer who binds itself to an insurance policy that, in hindsight, does not provide the insured with adequate coverage to meet his or her needs. Arkansas courts simply do not place the burden on insurers to ensure that every need of an insured is met, and the Court cannot place it on Bancinsure in this case.

Accordingly, unless Temple can show that the parties were in a special relationship, Bancinsure owed no additional duty to investigate and advise Temple of the Treasury List Requirement. *See Buelow*, 206 S.W.3d at 893. An insured can demonstrate a special relationship by showing that there exists something more than the standard insurer-insured relationship. *Id.* For example, a special relationship may arise by: express agreement; a long-established relationship of entrustment in which the agent clearly appreciates the duty of giving advice; additional compensation apart from premium payments; or the agent holding itself out as a highly-skilled expert coupled with reliance by the insured. *Id.* (citing *Sintros v. Hamon*, 810 A.2d 553, 556 (N.H. 2002).

In *Buelow*, the court found that no special relationship exists in the absence of evidence that the defendant was intimately involved in the plaintiff's business affairs or that he regularly advised or assisted the plaintiff in maintaining proper coverage. *Id.* Additionally, in *Mans v. Peoples Bank of Imboden*, 10 S.W.3d 885, 889 (Ark. 2000), the court emphasized that no special relationship is created simply because a plaintiff trusts that a defendant will advise her of a lapse in coverage. (highlighting "the necessity of factual underpinnings" to establish a special relationship between a bank and its customers).

In this particular case, no special relationship exists. Neither party presents evidence of an express agreement creating a special relationship, and the parties' past business transactions do not suggest that Bancinsure was intimately involved in Temple's business. Temple admits that "the normal course of business is for Temple to submit a bid bond request to Cashion, and the request would either be accepted or denied. The request normally consisted of the project name and location, the amount of time estimated to complete the project, and an estimate of the project contract bid price." (ECF No. 22, Exhibit A). This description does not demonstrate an

intimate level of involvement in one's business. In fact, it shows quite the opposite. The only evidence of a special relationship between the parties is Temple's statement that it "relied on Bancinsure to be knowledgeable of the requirements for issuing bonds for [LaDOT projects]." (ECF No. 22, Exhibit A). However, the Arkansas Supreme Court has made clear that reliance alone is not enough. *Mans*, 10 S.W.3d at 889.

Accordingly, Bancinsure and Temple were not in a special relationship. For this reason, Bancinsure owed no duty to educate or advise Temple regarding LaDOT's Treasury List Requirement. Summary Judgment is therefore proper as to Temple's negligence claim.

> II. **Bancinsure did not breach its contract with Temple by not meeting LaDOT's Treasury List Requirement.**

A contract requires that there be a "meeting of the minds" between the parties as to all terms. *Foundation Telecomms., Inc. v. Moe Studio, Inc.*, 16 S.W.3d 531, 538 (Ark. 2000). In determining the specific terms of a contract, the court may consider the parties' "course of dealing." *L.F. Brands Mktg., Inc. v. Dillard's, Inc.*, 314 S.W.3d 736, 739 (Ark. Ct. App. 2009). "A 'course of dealing' is a sequence of conduct concerning previous transactions between the parties to a particular transaction that is fairly to be regarded as establishing a common basis of understanding for interpreting their expressions and other conduct." ARK. CODE. ANN. § 4-1-303(b).

In this case, the contract between Bancinsure and Temple did not require Bancinsure to meet, or inform Temple of, LaDOT's Treasury List Requirement. The parties do not dispute that they entered into a contract when Temple requested, and Bancinsure issued, a bid bond for the LaDOT Bridge Project. The details of the parties' agreement were captured in a single page document. (ECF No. 21-3). Neither the bond, nor the parties' communications surrounding the agreement, revealed an obligation by Bancinsure to possess knowledge of, or to disclose, any

special requirements for the bond it was issuing. Temple sent a short email requesting bonds for several projects it was bidding on (ECF No. 21-2), and Bancinsure responded by issuing bonds according to the bid information. (ECF No. 22, Exhibit B). Bancinsure made no express promise related to any special bond requirements.

Furthermore, the parties' course of dealing does not place the obligation on Bancinsure to possess knowledge of, or satisfy, this requirement. On three prior occasions, Bancinsure had issued bid bonds for Temple on other LaDOT projects and never advised Temple of any special requirements for the bonds. (ECF No. 21-1). Neither Temple nor LaDOT objected to Bancinsure issuing the bonds on those projects. Temple argues that it relied on Bancinsure to be knowledgeable and advise it of the Treasury List Requirement, but Temple provides no evidence of any past dealings that indicate Bancinsure knew or had any reason to know of Temple's reliance. Accordingly, Bancinsure did not breach its contract with Temple and summary judgment is appropriate as to this claim.

### III.   Bancinsure is not liable under a theory of promissory estoppel for not meeting LaDOT's Treasury List Requirement.

A claim of promissory estoppel, or detrimental reliance, requires "[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee…and which does induce such action or forbearance…." Restatement 2d Contracts § 90 (1981); *K.C. Prop. of N.W. Ark., Inc. v. Lowell Inv. Partners, LLC*, 280 S.W.3d 1, 14 (Ark. 2008). That promise is binding if injustice can be avoided only by enforcing the promise. *Id.* "The party asserting estoppel must prove it strictly, there must be certainty to every intent, the facts constituting it must not be taken by argument or inference, and nothing can be supplied by intendment." *Id.*

Temple's promissory estoppel claim fails as a matter of law for two reasons. First, Temple fails to present any evidence of a promise, express or implied, by Bancinsure that it was a treasury-listed surety or that it would advise Temple of any special requirements for sureties on LaDOT projects. Second, although Temple allegedly relied on Bancinsure to its detriment, it fails to show that Bancinsure induced Temple's reliance or that Bancinsure had any reason to expect such reliance. The parties' communications surrounding the transaction were limited in nature and offer no indication that Temple's reliance was justified. Accordingly, summary judgment is proper as to Temple's promissory estoppel claim.

## CONCLUSION

For the reasons stated herein and above, the Court finds that Defendant Bancinsure, Inc.'s Motion for Summary Judgment (ECF No. 21) should be granted as to Plaintiff's claims of negligence, breach of contract, and promissory estoppel. A judgment of even date, consistent with this opinion, shall issue.

IT IS SO ORDERED, this 25th day of September, 2012.

/s/ Susan O. Hickey
Hon. Susan O. Hickey
United States District Judge