IN THE UNITED STATES DISTRICT COURT
WESTERN DISCTRICT OF ARKANSAS
EL DORADO DIVISION

DAVID V. TEMPLE d/b/a
SOUTHERN STATE CONSTRUCTION                                                    PLAINTIFF

VS.                              CASE NO. 1:10-cv-01059

BANCINSURE, INC.                                                               DEFENDANT

## ORDER

  Before the Court is the Defendant's Motion for Attorneys' Fees and Costs. (ECF No. 32). On September 25, 2012, the Court granted Defendant's Motion for Summary Judgment in this matter (ECF No. 31), and Defendant now seeks to recover the attorney's fees and costs accrued during the action. Plaintiff has filed a response. (ECF No. 33). The matter is ripe for the Court's consideration. For the reasons explained below, Defendant's motion is denied.

  Plaintiff's complaint asserted three claims against Defendant: negligence, breach of contract, and promissory estoppel. Arkansas Code Annotated §16-22-308 permits a prevailing party to recover "a reasonable attorneys' fee" in an action for breach of contract. However, the decision to award attorneys' fees, as well as the amount of the award, is within the Court's discretion. *Little Rock Wastewater Util. v. Larry Moyer Trucking*, 902 S.W.2d 760 (Ark. 1995). In cases where there are both tort and contract claims, attorney fees are proper only when the action is primarily based in contract. *Meyer v. Riverdale Harbor Municipal Property Owners Improvement Dist. No. 1 of Little Rock, Ark.*, 947 S.W.2d 20 (Ark. 1997).

  This case involves both tort and contract claims, but there is nothing to suggest that it is primarily based in contract. In fact, it appears quite the opposite. Defendant's 10-page Motion

1

for Summary Judgment only dedicated a single paragraph to Plaintiff's breach of contract claim, while proffering over two pages related to the negligence claim. The underlying facts also seem to necessitate more emphasis on the negligence claim than the breach of contract or promissory estoppel claims. An award for attorneys' fees would be inappropriate under such circumstances. Accordingly, the Court finds that Defendant's Motion for Attorneys' Fees and Costs should be and hereby is **DENIED**.

      **IT IS SO ORDERED**, this 31th day of May, 2013.

      /s/ Susan O. Hickey
      Susan O. Hickey
      United States District Judge